**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

       **Plaintiff,**                    NO. 04-CR-80288-DT
                                        NO. 05-CV-74142-DT
  vs.
                                        DISTRICT JUDGE AVERN COHN

**KOLE VUSHAJ,**                    MAGISTRATE JUDGE MONA K. MAJZOUB

       **Defendant.**
_____/

## SUPPLEMENTAL REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:** This Court recommends that Defendant's Motion to Vacate Sentence under 28 U.S.C. § 2255 (docket no. 26) be **DENIED**.

This Court further recommends that Defendant's Motion for Default (docket no. 28) be **DENIED**.

**II.**    **REPORT:**

*A.*   *Procedural History and Factual Background*

Defendant pled guilty on June 22, 2004 to 30 counts relating to alien smuggling which took place on March 19, 2004 and January 27, 2004. (Tr. of plea hearing at 8-9). Defendant also pled guilty to one count of assault with a dangerous weapon for throwing a rock at a border guard during the course of his apprehension on March 19. The events took place in or surrounding either the Port Huron and Detroit, Michigan areas. (*Id.*). The court sentenced Defendant to 110 months in prison on November 29, 2004. (Tr. of Sentencing Hearing at 6). Defendant did not appeal.

Defendant filed this Motion to Vacate Sentence on October 28, 2005 alleging ineffective assistance of counsel. (Docket no. 26). The court ordered Plaintiff to respond to the motion on or

before November 30, 2005. (Docket no. 27). Defendant filed a Motion for Default on December 15, 2005 because Plaintiff had not yet filed its Response brief. (Docket no. 28). On January 12, 2006 Plaintiff filed a Motion for Extension of Time to respond to Defendant's motion. (Docket no. 29). The court granted that motion and ordered Plaintiff to respond on or before January 27, 2006. (Docket no. 30).

Plaintiff filed its Response on February 3, 2006. (Docket no. 31). Plaintiff argues that Defendant has not shown that his counsel rendered ineffective assistance, that Defendant fails to cite supporting facts for his claim that his alleged lack of access to his consular officers deprived him of critical mitigating evidence, and that Defendant has failed to state a legal basis warranting relief because in the Sixth Circuit the Vienna Convention does not create a right that is privately enforceable in federal court. (*Id.*) Plaintiff therefore requests that Defendant's Motion to Vacate Sentence be denied.

This Court submitted a Report and Recommendation on March 16, 2006 recommending that the proceedings in this case be stayed pending a decision by the Supreme Court in two consolidated cases that may affect this case. (Docket no. 34). The district court adopted that Report and Recommendation and stayed the case pending action by the Supreme Court in those cases. After such action this Court was directed to submit a supplemental Report and Recommendation. (Docket no. 35). On September 18, 2006 this Court ordered Plaintiff to provide copies of the transcripts of Defendant's Plea and Sentencing hearings. (Docket no. 36). This Court received those transcripts on June 25, 2007. Defendant's Motion to Vacate Sentence is now ready for ruling. His Motion for Default is also ready for ruling.

B.     *Claims*

In his Motion to Vacate Sentence Defendant raises the issue as to whether counsel was ineffective during the course of pre-trial, guilty plea and sentencing by failing to raise the issue of

Defendant's right established by the Vienna Convention "Dealing with Aliens." (Docket no. 26 at 14). The right to which Defendant refers is the alleged right to consult with diplomatic officers from the Albanian Embassy. (*Id.* at 15). Defendant also argues that counsel failed to investigate "the laws relevant to the issue of deportation and illegal entry." (*Id.*)

Defendant alleges minimal facts to support these claims. He claims that his arresting officer did not advise him that he had the right to consult with his consular representative in violation of Article 36 of the Vienna Convention. (*Id.* at 17-19). Defendant further alleges that this lack of access to his consular representative "deprived him of critical mitigating evidence," but does not specifically describe this evidence. (*Id.* at 19). Defendant alleges that he is an Albanian citizen. (*Id.*). Finally, Defendant alleges that he "was arrested by agents who speak no Albanian language, and the language difference and poor translation by authorities even in the Courtroom put the foreign Nationals in a position of disadvantage." (*Id.* at 20).

C.      *Analysis*

In order to establish ineffective assistance of counsel in a guilty plea case, Defendant must show that counsel's performance was deficient and that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Defendant fails to allege any facts that would even suggest that counsel rendered ineffective assistance by failing to investigate the laws relating to deportation and illegal entry. Therefore, no relief may be granted to Defendant based on these claims.

Defendant alleges that counsel rendered ineffective assistance by failing to raise the issue, at all stages of his case, of the alleged violation of his right under the Vienna Convention to be told of his right to consult with diplomatic officers at the Albanian Embassy. This case was stayed while the Supreme Court considered whether such a right was privately enforceable in federal court. *See Sanchez-*

*Llamas v. Oregon*, \_\_ U.S. \_\_, 126 S.Ct. 2669 (2006). In that case the Court "did not answer the question of whether the Vienna Convention created enforceable individual rights." *United States v. Garcia-Perez*, 190 Fed. App'x 461, 466 (6th Cir.), *cert. denied*, 127 S.Ct. 695 (2006). Therefore, the controlling law in the Sixth Circuit on this question is *United States v. Emuegbunam*, 268 F.3d 377 (6th Cir. 2001). (*Id.*). In *Emuegbunam*, the Sixth Circuit "held that the Vienna Convention did not 'create a right for a detained foreign national to consult with the diplomatic representatives of his nation that the federal courts can enforce.'" *Garcia-Perez*, 190 Fed. App'x at 465. Accordingly, because Defendant had no right to consult his diplomatic representatives, counsel could not have performed deficiently by failing to raise this as an issue at any stage of Defendant's case. Defendant also could not have been prejudiced by counsel's conduct. Defendant has therefore failed to establish ineffective assistance of counsel on this claim. *See Hill*, 474 U.S. at 59.

Finally, although Defendant failed to raise this as a claim for relief, he does suggest that the "language difference" and "poor translation" in the courtroom put him at a disadvantage. (Docket no. 26 at 20). The Court takes judicial notice that the transcripts of both Defendant's plea hearing and sentencing hearing do not reflect that a court interpreter was present. Also, the entries in the court's docket sheet do not show that an interpreter was present. Rather, the transcripts show that Defendant communicated excellently in the English language with all parties. There is no suggestion that Defendant had any difficulty understanding the proceedings. These allegations do not warrant any relief.

Defendant's Motion to Vacate Sentence may be denied without a hearing because the motion, files, and record of this case conclusively show that Defendant is not entitled to any relief. *Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003).

Defendant's Motion for Default should also be denied. (Docket no. 28). It is based on Defendant's claim that Plaintiff failed to timely file its Response as ordered by the court in its November 1, 2005 Order. However, the court granted Plaintiff an extension of time to comply with that Order. (Docket no. 30). Although Plaintiff's Response was eventually filed a few days after that extended deadline had passed, there is no showing that Defendant was prejudiced by the passage of these few days. Accordingly, Defendant's Motion for Default should be denied.

### III.  NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the

objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: July 24, 2007         s/ Mona K. Majzoub
                             MONA K. MAJZOUB
                             UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

    I hereby certify that a copy of this Report and Recommendation was served upon Kole Vushaj and Counsel of Record on this date.

Dated: July 24, 2007         s/ Lisa C. Bartlett
                             Courtroom Deputy